OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the petitioners for leave to renew and/ or reargue their prior CPLR article 78 proceeding and on said reargument to reverse this court’s decision of November 21, *753 1989 and to now declare the regulations promulgated by the Department of Environmental Conservation (hereinafter referred to as En Con) at 6 NYCRR part 219 to be inconsistent with the mandate of the enabling statute, ECL 19-0306 (2) (c) and therefore invalid.
In the prior proceeding these petitioners challenged the regulations promulgated by En Con for municipal and private solid waste incineration facilities (6 NYCRR part 219) as invalid and null and void. They contended that the regulations contravened ECL 19-0306 (the enabling statute) and that they were violative of the State Administrative Procedure Act, contending that the regulations are invalid because they were promulgated without consultation with the Commissioner of Health, and that they were invalid because they failed to analyze the costs of garbage incinerators in comparison to alternative methods in violation of the State Administrative Procedure Act.
This court held that the respondents did consult with the Commissioner of Health as required by ECL 19-0306 (2) and that said consultation process was directly related to the content of the regulations at issue herein. Further, this court held that the regulations adequately evaluated the economic aspects of acid gas control and the costs of garbage incinerators in comparison to alternatives.
The petitioners in their instant petition have failed to demonstrate that this court overlooked or misapplied any relevant facts or misapplied the law, or that any new facts exist.
The petitioners’ contention herein that the Commissioner’s decision on the application to construct a municipal solid waste incineration facility at the Brooklyn Navy Yard in New York City constitutes newly discovered evidence which contains the agency’s interpretation and application to the part 219 regulations as to emission limits for sulfur dioxide from municipal solid waste incineration facilities is without merit. The Department of Environmental Conservation treatment of the SES Brooklyn Navy Yard application is completely consistent with applicable law and its explanation of the regulations presented in response to petitioners’ original motion. Since no new facts exist, the petitioners’ motion for reargument and/or renewal must be and is denied.